## MATTER OF PADILLA

### In Deportation Proceedings

### A-14030972

*Decided by Board June 30, 1966*

An alien admitted to the United States as an exchange visitor under section 101(a)(15)(J), Immigration and Nationality Act, as amended, is ineligible for adjustment of status under section 245 of the Act unless she has complied with the foreign residence requirement of section 212(e) of the Act or has been granted a waiver thereof in accordance with the provisions of that section, notwithstanding the country of her nationality has waived her obligation to return thereto upon termination of her training in this country.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant—Remained longer than permitted.

The case comes forward on appeal from an order entered by the special inquiry officer on May 17, 1966 denying the respondent's application requesting that her immigration status be adjusted under section 245 of the Immigration and Nationality Act on the ground that she is ineligible for such adjustment but granting her permission to depart voluntarily from the United States, in lieu of deportation; and directing that she be deported from the United States to the Philippine Islands, the country designated by the respondent, in the event she fails to depart when and as required. The respondent, a 26-year-old single female, native and citizen of the Philippine Republic, has resided continuously in the United States since her admission at Anchorage, Alaska on or about March 7, 1964 as an exchange visitor under section 101(a)(15)(J) of the Immigration and Nationality Act, authorized to remain in the United States in such status until April 13, 1966. Deportation proceedings were instituted against the respondent on April 20, 1966.

A hearing in deportation proceedings was held at Chicago, Illinois on May 17, 1966 at which time the respondent and counsel admitted the truth of the factual allegations set forth in the order to show cause and conceded deportability on the charge stated therein. The evidence of record clearly establishes that the respondent is subject

to deportation under the provisions of section 241(a)(2) of the Immigration and Nationality Act, in that, after admission as a nonimmigrant under section 101(a)(15)(J) of the Act (exchange alien) she has remained in the United States for a longer time than permitted.

The respondent's application requesting that her immigrant status be adjusted to that of a permanent resident as provided under section 245 of the Immigration and Nationality Act was offered for consideration by the respondent's counsel at the deportation hearing held at Chicago, Illinois on May 17, 1966. The special inquiry officer refused to accept the aforementioned application on the ground that the respondent was statutorily ineligible for such relief until she had been accorded a waiver pursuant to section 212(e) of the Immigration and Nationality Act. Counsel offered a letter dated May 16, 1966, signed by the Consul General of the Philippine Republic at Chicago, Illinois, declaring that the Philippine Republic had terminated the exchange status of the respondent and waived her obligation to return thereto after her two years' training in this country. Counsel's assertion that failure to give full faith and credit to the document signed by the Consul General of the Philippine Republic at Chicago, Illinois on May 16, 1966 was a derogation of the respondent's rights under section 357 of the Immigration and Nationality Act is without merit. The provisions of section 357 *supra*, relate solely to Title III of the Immigration and Nationality Act (nationality and naturalization) and is not applicable to the issues involved herein.

The respondent is eligible to obtain an adjustment of her status under section 245 of the Immigration and Nationality Act only if she is granted a waiver of the two years' foreign residence requirements as provided in section 212(e) of the Act. Section 245.1, 8 CFR, among other things, states that an alien who has or has had the status of an exchange alien or of a nonimmigrant visitor under section 101(a)(15)(J) of the Immigration and Nationality Act is not eligible for the benefits of section 245 of the Act unless he has complied with the foreign residence requirements of section 212(e) of the Act or has been granted a waiver thereof. The special inquiry officer's decision is completely dispositive of the points raised by counsel on appeal. Upon full consideration of all the evidence of record, together with counsel's exceptions on appeal, we must, for the reasons stated, affirm the special inquiry officer's decision. Accordingly, the following order will be entered.

ORDER: It is ordered that the appeal be dismissed.